**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| WAYNE LEVINSON and LEVINSON | ) | |
| PROPERTIES, LLC | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:22-CV-270-JVB-JEM |
| | ) | |
| STATE AUTO PROPERTY AND | ) | |
| CASUALTY INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss [DE 9] filed by

Defendant State Auto Property and Casualty Insurance Company on October 24, 2022. Plaintiffs

Wayne Levinson and Levinson Properties, LLC filed a response on December 5, 2022.[1]

## BACKGROUND

Plaintiffs initiated this cause of action by filing a Complaint in Lake County Superior Court

on August 11, 2022. They amended their complaint on September 12, 2022. On September 14,

2022, Defendant removed this case to federal court.

Plaintiffs' claims of breach of contract and bad faith stem from an alleged incident where

a vehicle struck a residence insured by Defendant. Plaintiffs sought restitution for their damages,

and they allege that Defendant did not handle the insurance claim in accordance with their duties.

In the instant motion, Defendant asserts that both claims should be dismissed as to Plaintiff

Levinson Properties, LLC and the bad faith claim should also be dismissed as to Plaintiff Wayne

Levinson. Defendant does not ask for dismissal of the breach of contract claim as to Wayne

---

[1] Plaintiffs' response was late, but they note in their response that opposing counsel agreed to an extension of the deadline to file the brief. The Court reminds the parties that it is risky to rely on an agreement between counsel for a deadline extension because the Court may rule on a motion in the interim if the Court is unaware of and does not approve of the extension.

Levinson and has filed an answer as to that claim. Plaintiffs agree to the dismissal of the claims as to Levinson Properties, LLC and oppose the dismissal of the bad faith claim as to Wayne Levinson. On the agreement of the parties, the Court will dismiss Levinson Properties, LLC's claims. The Court addresses the disputed bad faith claim below.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Twombly*, 550 U.S. at 555). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of [their] claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

## ANALYSIS

The parties agree that Indiana law governs the bad faith claim. Indiana law imposes on insurance companies a duty to deal with its insured in good faith. *Erie Ins. Co. v. Hickman ex rel. Smith*, 622 N.E.2d 515, 519 (Ind. 1993). Bad faith does not exist absent "a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will." *Monroe Guar. Ins. Co. v. Magwerks Corps.*, 829 N.E.2d 968, 977 (Ind. 2005). An insurer acts in bad faith when it makes an unfounded refusal to pay policy proceeds, causes an unfounded delay in making a payment, deceives its insured, or exercises unfair advantage to pressure its insured into settlement of the insured's claim. *Erie Ins. Co.*, 622 N.E.2d at 519.

Defendant argues that Plaintiffs do not state a claim for bad faith because they have not provided sufficient factual allegation of the mental state required for a bad faith claim. Defendant maintains that the allegations in the amended complaint are consistent with a good faith investigation and dispute of a claim where there is a question as to liability.

Plaintiffs counter that the allegations of bad faith are outlined in paragraphs seven through fifteen of the amended complaint, which allege as follows:

> 7.      From July 4, 2021, through June 15, 2022, Plaintiff and/or their agents, engaged in significant efforts to communicate with State Auto to collect on restitution necessary to repair the Home to return it to a habitable condition to allow use thereof, and restitution for lost rental value.
>
> 8.      State Auto, by and through its agents, including its agent, Dan Crocker, caused significant delay and obfuscation of the claim, delaying the remittance of proper contractual benefits to the Plaintiffs and claiming that the structural damage found to the home, by Plaintiffs['] contractor/engineer, had not been caused by a Jeep Grand Cherokee striking the home on July 4, 2021.
>
> 9.      On or about June 15, 2022, the Plaintiff was forced to engage the services of Vis Law, LLC, who immediately sent a request for a variety of information and updates to State Auto . . . in conjunction with a phone call to State Auto agent Dan Crocker.

10.     On or about July 5, 2021, having received no response, a second communication was sent to State Auto.

11.     On July 8, 2022, the attached response was received.

12.     On or about July 11, 2022, a certified copy of the Policy at issue was remitted to the undersigned, with no other communication.

13.     On or about July 12, 2022, following a subsequent communication to State Auto, a reply was received from State Auto apprising additional information would be received within a week.

14.     From June 15 through the date of this pleading, continual phone calls were left for State Auto, with additional written communications being remitted, on June 15, July 5, 7, 8, 26, and August 1 and 4, with . . . the only reply on July 12, 2022.

15.     As of the date of this filing, State Auto has yet to reply, has yet to remit insurance proceeds, has yet to remit insurance proceeds for loss rental value, and has refused to communicate with the Plaintiff.

(Am. Compl. ¶¶ 7-15, ECF No. 3 (citations omitted)). Plaintiffs further allege that Defendant has refused to pay policy proceeds, refused to respond as to whether they will pay policy proceeds, and rejected clear evidence of structural damage to the property. *Id.* at ¶ 27. Plaintiffs allege that Defendant acted in this matter in an attempt to pressure Plaintiffs "into a lesser claim." *Id.*

The exhibits attached to Plaintiffs' original complaint (and which align with the exhibits cited in the amended complaint) reveal that, on June 17, 2022, Plaintiffs, through counsel, requested, among other materials, a copy of the insurance policy, a copy of all communication with Plaintiffs, and the status of resolution of Plaintiffs' claim, indicating that they wished to receive a reply by June 28, 2022. (Ex. at 43, ECF No. 2-1). On July 8, Agent Dan Crocker indicated that a copy of the policy would be mailed and that he was "working" on having the other items sent to Plaintiffs' counsel. *Id.* at 45. On July 12, 2022, Crocker stated that he was out of the office for the week and would "follow up when I return." *Id.* at 48. Plaintiffs initiated the lawsuit 30 days later.

At this procedural stage of the lawsuit, Plaintiffs are entitled to the reasonable inferences that can be drawn from their allegations. Nearly two months passed from counsel's initial letter to the filing of this lawsuit with Defendant tendering only a copy of the policy and not a copy of communication, a status on the resolution of the claim, or other outstanding materials requested by counsel. Further, Defendant provided no clear indications of when the outstanding materials would be received, only vaguely stating that Agent Crocker would follow up upon his return (with no subsequent follow-up occurring before the lawsuit was filed).

These factual allegations support the reasonable inference that Defendant, in bad faith, was intentionally delaying the resolution of Plaintiffs' claim and payment of resulting compensation to which Plaintiffs would be entitled and that Defendant, in bad faith, was seeking to gain an advantage in settlement of Plaintiffs' claims by delaying resolution of the claim, thereby making Plaintiffs more willing to accept a settlement amount in order to receive settlement compensation immediately instead of the full amount to which they may be entitled at an intentionally-delayed future date. It is not appropriate to require Plaintiffs to prove Defendant's state of mind at the pleading stage; that proof is required at a later stage. It is enough that they have pled factual allegations that, if true, support a reasonable inference that Defendant was delaying the matter in bad faith.

## CONCLUSION

Based on the above, the Court hereby **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss. Noting the agreement of the parties, the Court **DISMISSES** all claims brought in this cause of action by Plaintiff Levinson Properties, LLC. The claims brought by Plaintiff Wayne Levinson remain pending.

SO ORDERED on December 14, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
