UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WAYNE LEVINSON,<br>　　Plaintiff,<br><br>　　　v.<br><br>STATE FARM PROPERTY &<br>CASUALTY INSURANCE COMPANY,<br>　　Defendant. | )<br>)<br>)<br>)　CAUSE NO.: 2:22-CV-270-JVB-JEM<br>)<br>)<br>)<br>) |

**AMENDED FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Defendants' Motion to Dismiss, or in the Alternative, Motion for Sanctions [DE 16], filed on July 3, 2023, and a memorandum of law in support of its motion filed on July 5, 2023. Plaintiff filed a response on July 7, 2023, and on July 14, 2023, Defendant filed a reply.

On July 6, 2023, District Court Judge Joseph S. Van Bokkelen entered an Order [DE 20] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant Motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

This insurance action was removed from state court on September 14, 2022. On December 14, 2022, Judge Van Bokkelen granted in part a motion to dismiss, leaving Plaintiff Wayne Levinson the only plaintiff in the case. The fact discovery deadline closed on July 3, 2023, and expert discovery is set to close on September 4, 2023.

1

Defendant moves to dismiss this case for failure to prosecute or as a discovery sanction. It argues that Plaintiff has not provided discovery as required and that it has experienced prejudice as a result. Defendant asserts that it has not received any discovery from Plaintiff, despite the deadline of January 3, 2023, for initial disclosures, July 3, 2023 for fact discovery, and April 10, 2023 for expert witness disclosures by Plaintiff.

Counsel for Plaintiff explains that on March 18, 2023, he broke his ankle and the discovery, which had been compiled and prepared for production to Defendant, was inadvertently not mailed because of his injury. A few weeks later, a family member experienced a medical emergency and his focus was split between those obligations and his solo practice. He asserts that on June 28, 2023, when he realized there was a discovery concern, he reached out to opposing counsel, but neither of them answered his phone calls. He asserts that he did not receive any communications from counsel for Defendant that the deficiencies in discovery caused prejudice and has offered to address the deficiencies and pay for expenses incurred as a result of the instant motion practice. In reply, Defendant argues that counsel for Plaintiff's excuses are insufficient. In particular, Defendant argues that Plaintiff has not demonstrated good faith for his failure to provide initial disclosures or expert disclosures, and that allowing Plaintiff to disclose expert witnesses now would prejudice Defendant by requiring it to amend its reports or retain different experts.

Under Rule 41(b), a court may dismiss a claim "[i]f the plaintiff fails to prosecute or comply with . . . a court order . . ." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute "is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Kruger v. Apfel*, 214

F.3d 784, 787 (7th Cir. 2000)) (quotation marks and other citations omitted). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *Gabriel*, 514 F.3d at 736; *see also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff.").

In this case, although counsel for Plaintiff did not participate in the discovery process as required, he has not completely failed to participate, and there has been no prior warning that his failure to participate might result in dismissal. Accordingly, the Court will not recommend that the case be dismissed for failure to prosecute.

Although dismissal under Rule 41 is not appropriate, the Court has the inherent authority "to fashion an appropriate sanction for conduct which abuses the judicial process." *Abner v. Kendall v. Scott Mem'l Hosp.*, 634 F.3d 962, 964 (7th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)) (quotation marks omitted). Federal Rule of Civil Procedure 37(d)(1)(A) provides that "the court where the action is pending may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, failed to serve its answer, objections, or written responses." Fed R. Civ. P. 37(d)(1)(A). The available sanctions include directing the matters at issue be deemed admitted, prohibiting the non-complying party from presenting evidence on certain issues, striking pleadings, staying proceedings, dismissing the action in whole or in part, or treating the non-compliance as contempt of court. Fed R. Civ. P. 37(b)(2)(A). Attorney's fees may also be awarded. Fed. R. Civ. P.37(d)(3). When a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders," including default judgment or dismissal of an action or

3

claim. Fed. R. Civ. P. 37(b)(2)(A). In considering sanctions for failure to obey court orders, the Court should "consider less severe sanctions than dismissal . . . unless there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective." *Lowe v. City of E. Chicago, Ind.*, 897 F.2d 272, 274 (7th Cir. 1990) (citations omitted).

As described above, dismissal is not appropriate at this stage in the case since less drastic sanctions have not yet proven ineffective. Furthermore, the delinquencies were the fault of the attorney, not Plaintiff himself, and the Court declines to deny him his opportunity for relief at this stage of the proceedings because of the actions of his counsel. Sanctioning counsel for Plaintiff, however, is appropriate, in the form of paying attorney fees incurred by Defendant in its attempt to obtain discovery from counsel for Plaintiff, including motion practice.

Defendant asserts that Plaintiff has now made discovery requests, but has not responded to written discovery requests, produced any initial disclosures, or provided expert disclosures and reports. The Court will reopen discovery to allow Defendant to obtain discovery responses from Plaintiff and for Defendant to respond to the discovery requests it has received from Plaintiff. If Plaintiff needs more than 30 days to respond to the outstanding discovery requests or wishes to disclose an expert witness, he must file a fully-supported motion to extend fact discovery or for leave to disclose expert witnesses out of turn, specifically addressing the requirements of Federal Rule of Civil Procedure 6 and 16 and addressing "all relevant circumstances including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005)).

For the foregoing reasons, the Court **ORDERS:**

1) Fact discovery is reopened, with a deadline of **August 24, 2023**, for parties to respond to all outstanding fact discovery;

2) If Plaintiff wishes to disclose an expert witness, he must file a fully-supported motion, specifically addressing the prejudice caused to Defendant by disclosure out of turn.

The Court **RECOMMENDS** that the District Court **GRANT, for relief different than requested,** Defendants' Motion to Dismiss, or in the Alternative, Motion for Sanctions [DE 16] and **ORDER** Defendant to **FILE**, on or before **August 11, 2023**, an itemization of its costs and fees, including attorney's fees, incurred in attempting to obtain outstanding discovery from Plaintiff, including in filing the instant Motion, with Plaintiff to **FILE** a response with the Court on or before **August 25, 2023**, and any reply to be filed by **September 4, 2023**.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 28th day of July, 2023.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record